Strafford,
June 29, 1918.

## PETITION OF EDWARD E. CARLTON & a., Ex'rs.

Devise of the residue "of my property . . . unto the legatees of this will in proportion to the amount already given to them." In ascertaining their shares in the residuum the value of both the personalty and realty given them is to be included in the computation together with their pecuniary legacies.

In such case, the appraisal of the property scheduled in the inventory returned by the executor to the probate court is not conclusive upon the distributees, but the value is to be determined in some proceeding to which all interested are parties.

PETITION, for advice by the executors of the will of Cora C. Furber. The will was dated August 26, 1916, and proved March 27, 1917. The material parts of the will are as follows:

"Third:—I give, bequeath and devise to my brother, Edward E. Carlton of Springfield, Massachusetts, the sum of ten thousand ($10,000) dollars; also the contents of my home in said Dover,

. . . also a cottage, contents of same, and land situate in Alton, New Hampshire, and known as the Cora C. Furber property, to him, the said Edward E. Carlton, his heirs and assigns forever.

Sixth:—I give to Alice S. Furber of Manchester, State of New Hampshire, niece of the late Dudley L. Furber, the sum of five thousand ($5,000) dollars together with an annuity policy which I hold in the Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts, in the sum of five thousand ($5,000) dollars running fifteen years.  . . .

All the rest, residue and remainder of my property of any name and nature and wherever found, I give, bequeath and devise unto the legatees of this will . . . in proportion to the amount already given to them, their heirs, and assigns forever."

The executors ask to be advised whether in making distribution of the residue of the estate, the inventory value of the contents of the home in Dover and of the land in Alton given to Edward E. Carlton by the third clause and the value of the annuity policy given to Alice S. Furber by the sixth clause of the will should be considered in ascertaining the shares of the several legatees in such residuum.

The will contains gifts of specified sums in money to six persons beside those named in the above clauses.

Transferred by *Branch*, J., from the February term, 1918, of the superior court, without a ruling.

*Dwight Hall*, for the petitioners.

*Jones, Warren, Wilson, & Manning*, for Alice S. Furber.

PARSONS, C. J. "The word 'devise' is more specially appropriated to a gift of lands, and every person taking an interest in the produce of real estate directed to be sold, is, strictly speaking, a devisee, and not a legatee. . . . But the terms are used indifferently; legatees may take under a bequest to 'all my devisees above named.' . . . And the word 'legacy,' may be applied to real estate, if the context of the will show that such was the testator's intention." *Ladd* v. *Harvey*, 21 N. H. 514, 528; Webster Dict., Title, *Bequeath;* Bouv. Law Dict., Title, *Legacy.* As to the land in Alton, technically Edward E. Carlton is a devisee and not a legatee, but using language with the same precision he is one of "the legatees of this will" because of the gift to him of ten thousand dollars and other personal property. His share is proportioned not by the

amount *devised* or bequeathed to him but by "the amount already given" to him. "The word 'give' is of the largest signification, and is applicable as well to real as personal estate." *Hooper* v. *Hooper,* 9 Cush. 122, 129. The gift by the third clause to Edward E. Carlton included both real and personal estate and the amount given him is the total value of the gift. So of the gift of two classes of personal property to Alice S. Furber by the sixth clause, cash and the annuity policy. The total value of her gift is the amount given to her. It is not probable the testatrix understood the shade of difference in meaning which may be found between the terms "legatee" and "devisee." But the will is evidence that the scrivener was skilled in legal phraseology. In the two cases where a gift of real estate is made, clause third, above considered, and the residuary clause, care was taken to insert the appropriate word, "devise," for a gift of real property by will. It is probable if the testator had intended to limit the division of the residue by the amounts of her gifts of personal estate apt words would have been used to express such intention. For the same reason it is clear that the amounts already given by the will were not understood to be limited to cash gifts. The executors are advised that the value of the property given to Edward and Alice other than cash should be included in ascertaining the amount already given them by the will.

By "inventory value" in the question submitted is understood the appraisal made of the property scheduled in the inventory returned by the executors to the probate court. P. S., c. 189, ss. 1, 2. In *Seavey* v. *Seavey,* 37 N. H. 125, this appraisal was held admissible in controversies between strangers to the appraisal. The conclusion that such appraisal is admissible at all has since been criticised, if not expressly overruled. *Derry* v. *County,* 62 N. H. 485, 487, 488; *Concord Land and Water Power Co.* v. *Clough,* 69 N. H. 609, 610. But in *Seavey* v. *Seavey* the appraisal though considered admissible as *prima facie* evidence was said not to be conclusive. It is not conclusive of value upon the assessment of the inheritance taxes. Laws 1905, c. 40, s. 13; S. P. S., p. 99. No ground is perceived upon which this appraisal can be held conclusive upon the distributees of this will in determining their several shares in the residuum. If there is controversy the value should be determined in some proceeding to which all interested are parties.

*Case discharged.*

**All concurred.**